Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, & Johnson, P.C.
2999 Douglas Blvd., Ste. 111
Roseville, CA 95661
916-290-7778 ph
916-282-0771 fax

Attorney for Plaintiff
Mark Angelone

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Mark Angelone<br><br>Plaintiff,<br><br>v.<br><br>Bank of America, N.A.<br><br>Defendant. | CASE NO. 2:25-cv-03137<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Telephone Consumer Protection Act<br>2. Violation of the Rosenthal Fair Debt Collection Practices Act<br>3. Invasion of Privacy |

COMES NOW Plaintiff Mark Angelone (hereinafter "Plaintiff"), an individual, based on information and belief, to allege as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant Bank of America, N.A.'s violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing

equipment when making calls to consumers, and intrusion upon seclusion, which California has adopted from §652B of the Restatement (Second) of Torts.

2. Plaintiff brings this action against Defendant Bank of America, N.A. (hereinafter "Defendant" or "BANA") for its abusive conduct in connection with debt collection activity.

3. BANA received certified notice regarding Plaintiff's revocation of consent to be contacted by pre-recorded messages yet still called and otherwise contacted Plaintiff over 20 separate times.

4. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public's confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

//

//

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, 47 U.S.C. § 227.

8. This venue is proper pursuant to 28 U.S.C. §1391(b).

9. Plaintiff is a resident of the State of California and resides within the judicial district where this action is being brought.

10. BANA is a national association that does business throughout the United States, including the State of California and within this judicial district.

## GENERAL ALLEGATIONS

11. Plaintiff is an individual residing in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(g).

12. At all relevant times herein, Defendant BANA was engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f).

13. At all relevant times, Defendant acted as a "debt collector" within the meaning of Cal. Civ. Code §1788.2(c)

14. Plaintiff obtained a credit account from BANA sometime in 2006.

15. The credit account extended to Plaintiff was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by the Calif. Civil Code § 1788.2(d) of the Rosenthal Act as Plaintiff made personal and household purchases with the account.

16. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(3) of the Rosenthal Act.

17. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer

credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

18. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves, and is therefore a "debt collector" within the meaning of the Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of the California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

19. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes.

20. Plaintiff's account was an unsecured credit card and Plaintiff began making payments on the account shortly after the card was obtained and used for purchases.

21. Plaintiff eventually became financially unable to continue making payments on her account.

22. Defendant began contacting Plaintiff to inquire about the status of the account and to collect on the payments that were no longer being made.

23. Plaintiff sent BANA a letter informing Defendant that Plaintiff was withdrawing his consent to be contacted on his cellular telephone.

24. Plaintiff's first notice was sent to Defendant on March 28, 2024

25. Defendant continued to call Plaintiff after the March 28, 2024 notice revocation of consent was sent and subsequently received by Defendant.

26. BANA continued to call Plaintiff and leave collection reminders through the use of a pre-recorded message.

27. An unknown number of pre-recorded messages were left on Plaintiff's cellular telephone without his consent and after BANA received notice regarding Plaintiff's representation and revocation of consent.

28. BANA continues to contact and harass Plaintiff and continues to leave pre-recorded messages on Plaintiff's cellular telephone.

29. Defendant continued to contact Plaintiff after he revoked his consent; the type of contact was through multiple daily phone calls to Plaintiff's cellular telephone.

30. BANA also mailed collection notices and letters to Plaintiff after it was aware he was represented by counsel.

31. Defendant would call Plaintiff numerous times each day demanding payment on the account and often Plaintiff was contacted two or three times a day.

32. Defendant was aware Plaintiff was represented by counsel, yet it continued to contact Plaintiff directly and without consent of Plaintiff's counsel.

33. Defendant continued to call Plaintiff on his cellular telephone after he had revoked his consent.

34. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

35. Defendant would use a pre-recorded voice when calling Defendant.

36. Defendant left pre-recorded messages on Plaintiff's cellular telephone.

## FIRST CAUSE OF ACTION

(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant BANA)

37. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

38. Plaintiff provided written notice that he was represented by an attorney by sending Defendant a letter with the name, address, and contact information of his attorney and informed Defendant that she was represented.

39. The contact information of Plaintiff's counsel was provided in the notices that were sent to Defendant.

40. Defendant continued to call and attempt to make contact with Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel in an effort to deal with the debt that was owed to Defendant.

41. The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

42. Plaintiff continued to be contacted after Defendant received Plaintiff's letter of representation.

43. The notice that Plaintiff sent to Defendant included the name of Plaintiff's attorney, the address of Plaintiff's attorney, and the phone number of Plaintiff's attorney.

44. Defendant violated Cal. Civ. Code §1788.14 by contacting Plaintiff over 20 times after receiving notice that Plaintiff had retained an attorney.

**SECOND CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant BANA)

45. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

46. Defendant placed at least 20 calls to Plaintiff.

47. Plaintiff was contacted multiple times per day by Defendant.

48. Defendant sent written payment demands and collection notices to Plaintiff in addition to the phone calls.

49. Defendant violated Cal. Civ. Code §1788.11(d) by contacting Plaintiff over 20 times in a deliberate attempt to call Plaintiff repeatedly and annoy Plaintiff.

**THIRD CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant BANA)

50. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

51. Defendant placed at least 20 calls to Plaintiff.

52. Plaintiff was contacted multiple times per day by Defendant.

53. Defendant sent written payment demands and collection notices to Plaintiff in addition to the phone calls.

54. Defendant violated Cal. Civ. Code §1788.11(e) by contacting Plaintiff over 20 times in a deliberate attempt to call Plaintiff repeatedly and annoy Plaintiff.

**FOURTH CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant BANA)

56. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

57. Defendant placed over 20 calls to Plaintiff.

58. Plaintiff was contacted multiple times per day by Defendant.

59. Defendant knew that Plaintiff was represented by an attorney as it received certified notice stating as much.

60. Defendant violated Cal. Civ. Code §1788.17, in violation of 15 U.S.C. §§ 1692(d) and (c) by calling Plaintiff after Defendant knew that Plaintiff was represented by counsel and in an attempt to harass and annoy Plaintiff.

**FIFTH CAUSE OF ACTION**
(Intrusion Upon Seclusion)
(Against Defendant BANA)

61. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as set forth herein.

62. The California legislature explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Rosenthal Fair Debt Collection Practices Act and incorporating most of the Federal Act's provisions into the Rosenthal Act.

63. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

64. BANA intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

65. BANA intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

66. Plaintiff has a reasonable expectation of privacy in his solitude, seclusion, and/or private concerns and affairs.

67. These intrusions and invasions against Plaintiff by BANA occurred in a way that would be highly offensive to a reasonable person in that position.

68. BANA received notice stating that it was no longer to contact Plaintiff as he was represented by counsel and revoked his consent to be contacted on his cellular telephone.

69. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at hearing from BANA.

**SIXTH CAUSE OF ACTION**

(Violation of the TCPA)

(47 USC § 227)

(Against Defendant BANA)

70. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

71. Defendant was first informed that Plaintiff revoked his consent to be contacted by Defendant in March of 2024.

72. Defendant called Plaintiff repeatedly since Plaintiff withdrew his consent to be contacted by an automatic dialing machine on his cellular telephone.

73. Defendant received Plaintiff's revocation of consent through mail although Defendant continued to contact Plaintiff on his cellular telephone.

74. Defendant continued to use a pre-recorded voice when placing unauthorized calls to Plaintiff's cellular telephone.

75. Defendant would contact Plaintiff multiple times each day regarding payment on the accounts.

76. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

77. Defendant contacted Plaintiff over twenty times after he revoked his consent to be contacted on his cellular telephone.

78. Defendant continued to contact Plaintiff multiple times each day on his cellular telephone despite receiving notice of Plaintiff's revocation of consent.

79. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(A)(iii).

80. BANA's calls were placed using an artificial and/or pre-recorded voice.

81. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by an automatic dialing machine.

82. These telephone calls by Defendant, or its agent, violated 47 U.S.C. 227(b)(1)(A)(iii).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at hearing, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32.
b. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32; and
c. An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c).
d. An award of statutory damages of $1,000 pursuant to Cal. Civ. Code § 1788.17, which incorporates 15 U.S.C. § 1692k
e. An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c) and 15 U.S.C. § 1692k.
f. An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation.
g. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

Gale, Angelo, & Johnson, P.C.

Dated: April 10, 2025

By: */s/ Joe Angelo*
Joe Angelo
Attorney for Plaintiff