**MCGUIREWOODS LLP**
Joshua Quinn Jamieson (SBN 338083)
E-Mail: jjamieson@mcguirewoods.com
Two Embarcadero Center
Suite 1300
San Francisco, CA 94111-3821
Telephone: 415.844.9944
Facsimile: 415.844.9922

Attorneys for Defendant BANK OF AMERICA, N.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK ANGELONE,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No. 2:25-CV-03137-JLS-BFM<br><br>Hon. Josephine L. Staton<br>Magistrate Judge Brianna Fuller Mircheff<br><br>**DEFENDANT BANK OF AMERICA, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: April 10, 2025 |

Defendant, Bank of America, N.A. (**BANA**), answers Plaintiff MARK ANGELONE (**Plaintiff**) Complaint (**Complaint**) as follows:

**PRELIMINARY STATEMENT**

In answering the allegations in the Complaint, BANA states that it is responding to the allegations on behalf of itself only. BANA denies any and all allegations contained in headings and/or un-numbered paragraphs in the Complaint.

///

///

///

## INTRODUCTION

1. The allegations of paragraph 1 of the Complaint call for legal conclusions and/or state legal principles to which no response is required. To the extent a response is required, the allegations are denied.

2. The allegations of paragraph 2 of the Complaint call for legal conclusions and/or state legal principles to which no response is required. To the extent a response is required, the allegations are denied.

3. BANA admits only that it received certain correspondence regarding Plaintiff's BANA credit card account, which speaks for itself. BANA denies the remaining allegations in paragraph 3 of the Complaint.

4. The allegations of paragraph 4 of the Complaint reference Calif. Civil Code § 1788.1 (a)-(b), which speaks for itself. BANA denies the allegations in paragraph 4 to the extent inconsistent with a true and accurate copy of this statute.

5. The allegations in paragraph 5 consist of characterizations of the Complaint, which is a document that speaks for itself, to which no response is required. To the extent a response is required, BANA denies the allegations to the extent inconsistent with the Complaint

6. The allegations of paragraph 6 of the Complaint refer to Telephone Consumer Protection Act which speaks for itself. BANA denies the allegations in paragraph 6 to the extent inconsistent with a true and accurate copy of this statute.

## JURISDICTION AND VENUE

7. The allegations of paragraph 7 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied. By way of further response, BANA is not contesting jurisdiction.

8. The allegations of paragraph 8 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied. By way of further response, BANA is not contesting venue.

9. BANA is without knowledge sufficient to determine the truth or falsity of the allegations of paragraph 9 and they are, therefore, denied. The remaining allegations in this paragraph call for a legal conclusion to which no response is required.

10. BANA admits that it is a National Association, organized and existing under the laws of the United States of America. BANA further admits that it sometimes does business in the State of California. Except as admitted, the allegations and legal conclusions of paragraph 10 are denied.

## GENERAL ALLEGATIONS

11. The allegations of paragraph 11 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

12. BANA admits that it made legal attempts to collect the amounts owed to BANA. The remaining allegations in this paragraph call for legal conclusions to which no response is required. Except as admitted, and to the extent a response is required, the remaining allegations of paragraph 12 of the Complaint are denied.

13. The allegations of paragraph 13 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

14. BANA admits that Plaintiff obtained credit account from BANA.

15. The allegations of paragraph 15 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

16. BANA admits that it made legal attempts to collect the amounts owed to BANA. The remaining allegations in this paragraph call for legal conclusions to which no response is required. Except as admitted, and to the extent a response is required, the allegations of paragraph 16 of the Complaint are denied.

17. The allegations of paragraph 17 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

18. The allegations of paragraph 18 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

19. BANA admits that it made legal attempts to collect the amounts owed to BANA from Plaintiff. The remaining allegations in this paragraph call for legal conclusions to which no response is required. Except as admitted, the allegations of paragraph 19 of the Complaint are denied.

20. BANA admits that payments were made on Plaintiff's credit card account. BANA is without knowledge as to the remaining allegations and, on that basis, denies them. Except as admitted, the allegations of paragraph 20 of the Complaint are denied.

21. BANA is without knowledge sufficient to form as the allegations of paragraph 21 and they are, therefore, denied.

22. BANA admits that it made legal attempts to collect the amounts owed to BANA. Except as admitted, the allegations of paragraph 22 of the Complaint are denied.

23. To the extent the allegations in paragraph 23 of the Complaint reference a certain "letter," that document speaks for itself. BANA denies any allegations in paragraph 23 to the extent inconsistent with a true and accurate copy of this document. BANA is without knowledge sufficient to determine the truth or falsity of the remaining allegations of paragraph 23 and they are, therefore, denied.

24. BANA is without knowledge sufficient to determine the truth or falsity of the remaining allegations of paragraph 24 and they are, therefore, denied.

25. BANA admits that it lawfully contacted Plaintiff concerning his BANA credit card. Except as admitted, the allegations and legal conclusions of paragraph 25

are denied.

26. BANA admits that it lawfully contacted Plaintiff concerning his BANA credit card. Except as admitted, the allegations and legal conclusions of paragraph 26 are denied.

27. BANA admits that it lawfully contacted Plaintiff concerning his BANA credit card. Except as admitted, the allegations and legal conclusions of paragraph 27 are denied.

28. BANA admits that it lawfully contacted Plaintiff concerning his BANA credit card. Except as admitted, the allegations and legal conclusions of paragraph 28 are denied.

29. BANA admits that it lawfully contacted Plaintiff concerning his BANA credit card. Except as admitted, the allegations and legal conclusions of paragraph 29 are denied.

30. BANA admits that it lawfully contacted Plaintiff concerning his BANA credit card. Except as admitted, the allegations and legal conclusions of paragraph 30 are denied.

31. BANA admits that it lawfully contacted Plaintiff concerning his BANA credit card. Except as admitted, the allegations and legal conclusions of paragraph 31 are denied.

32. BANA admits that it lawfully contacted Plaintiff concerning his BANA credit card. Except as admitted, the allegations and legal conclusions of paragraph 32 are denied.

33. BANA admits that it lawfully contacted Plaintiff concerning his BANA credit card. Except as admitted, the allegations and legal conclusions of paragraph 33 are denied.

34. BANA denies the allegations and legal conclusions of paragraph 34.

35. BANA admits that it lawfully contacted Plaintiff concerning his BANA credit card. Except as admitted, the allegations and legal conclusions of paragraph 35

are denied.

36. BANA admits that it lawfully contacted Plaintiff concerning his BANA credit card. Except as admitted, the allegations and legal conclusions of paragraph 36 are denied.

**FIRST CAUSE OF ACTION**
**(Violation of California Rosenthal Act)**
**(Cal. Civ. Code §§ 1788 -1788.32)**
**(Against Defendant BANA)**

37. Replying to paragraph 37, BANA repeats, re-alleges and incorporates each of its admissions, denials, or other responses to the paragraphs 1 through 36, referenced therein as if set forth at length and in full.

38. Paragraph 38 refers to a written document, which speaks for itself. To the extent that the allegations of paragraph 38 differ from, contradict, or seek to characterize the paper writing, the allegations are denied. BANA denies the remaining allegations in paragraph 38.

39. Paragraph 39 refers to a written document, which speaks for itself. To the extent that the allegations of paragraph 39 differ from, contradict, or seek to characterize the paper writing, the allegations are denied. BANA denies the remaining allegations in paragraph 39.

40. BANA admits that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations of paragraph 40 of the Complaint are denied.

41. BANA admits that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations of paragraph 41 of the Complaint are denied.

42. BANA admits that it lawfully contacted Plaintiff concerning his BANA credit card. Except as admitted, the allegations and legal conclusions of paragraph 42 are denied.

43. Paragraph 43 refers to a written document, which speaks for itself. To

the extent that the allegations of paragraph 43 differ from, contradict, or seek to characterize the paper writing, the allegations are denied. BANA denies the remaining allegations in paragraph 43.

44. The allegations of paragraph 44 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, BANA admits only that it lawfully contacted Plaintiff concerning his BANA credit card. Except as admitted, the allegations and legal conclusions of paragraph 44 are denied.

**SECOND CAUSE OF ACTION**
**(Violation of the Rosenthal Act)**
**(Cal. Civ. Code §§1788-1788.32)**
**(Against Defendant BANA)**

45. Replying to paragraph 45, BANA repeats, re-alleges and incorporates each of its admissions, denials, or other responses to the paragraphs 1 through 44, referenced therein as if set forth at length and in full.

46. BANA admits that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations of paragraph 46 of the Complaint are denied.

47. BANA admits that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations of paragraph 47 of the Complaint are denied.

48. BANA admits that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations of paragraph 48 of the Complaint are denied.

49. The allegations of paragraph 49 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, BANA admits only that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations of paragraph 49 of the Complaint are denied.

**<u>THIRD CAUSE OF ACTION</u>**
**(Violation of the Rosenthal Act)**
**(Cal. Civ. Code §§1788-1788.32)**
**(Against Defendant BANA)**

50. Replying to paragraph 50, BANA repeats, re-alleges and incorporates each of its admissions, denials, or other responses to the paragraphs 1 through 49, referenced therein as if set forth at length and in full.

51. BANA admits that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations of paragraph 51 of the Complaint are denied.

52. BANA admits that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations of paragraph 52 of the Complaint are denied.

53. BANA admits that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations of paragraph 53 of the Complaint are denied.

54. The allegations of paragraph 54 of the Complaint call for a legal conclusion to which no response is required. BANA admits that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations of paragraph 54 of the Complaint are denied.

**<u>FOURTH CAUSE OF ACTION</u>**
**(Violation of the Rosenthal Act)**
**(Cal. Civ. Code §§1788-1788.32)**
**(Against Defendant BANA)**

*55. This number was skipped.*

56. Replying to paragraph 56, BANA repeats, re-alleges and incorporates each of its admissions, denials, or other responses to the paragraphs 1 through 54, referenced therein as if set forth at length and in full.

57. BANA admits that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations of paragraph 57 of the

Complaint are denied.

58. BANA admits that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations of paragraph 58 of the Complaint are denied.

59. BANA admits that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations of paragraph 59 of the Complaint are denied.

60. The allegations of paragraph 60 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, BANA admits that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations of paragraph 60 of the Complaint are denied.

**FIFTH CAUSE OF ACTION**
**(Intrusion Upon Seclusion)**
**(Against Defendant BANA)**

61. Replying to paragraph 61, BANA repeats, re-alleges and incorporates each of its admissions, denials, or other responses to the paragraphs 1 through 54, 56-60, referenced therein as if set forth at length and in full.

62. The allegations of paragraph 62 of the Complaint call for a legal conclusion and/or state legal principles to which no response is required. To the extent a response is required, these allegations are denied.

63. The allegations of paragraph 63 of the Complaint call for a legal conclusion and/or state legal principles to which no response is required. To the extent a response is required, these allegations are denied.

64. The allegations of paragraph 64 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, BANA admits only that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations and legal conclusions of paragraph

64 are denied.

65. The allegations of paragraph 65 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, BANA admits only that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations and legal conclusions of paragraph 65 are denied.

66. The allegations of paragraph 66 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, BANA is without knowledge as to the allegations in paragraph 66 and, on that basis, denies them.

67. The allegations of paragraph 67 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations.

68. Paragraph 68 refers to a written document, which speaks for itself. To the extent that the allegations of paragraph 68 differ from, contradict, or seek to characterize the paper writing, the allegations are denied. BANA denies the remaining allegations in paragraph 68.

69. The allegations of paragraph 69 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations. BANA further denies that Plaintiff is entitled to the requested relief in the Complaint.

## SIXTH CAUSE OF ACTION
**(Violation of the TCPA)**
**(47 USC § 227)**
**(Against Defendant BANA)**

70. Replying to paragraph 70, BANA repeats, re-alleges and incorporates each of its admissions, denials, or other responses to the paragraphs 1 through 54, 56-69, referenced therein as if set forth at length and in full.

71. Paragraph 71 refers to a written document, which speaks for itself. To the extent that the allegations of paragraph 71 differ from, contradict, or seek to characterize the paper writing, the allegations are denied. BANA denies the remaining allegations in paragraph 71.

72. BANA admits that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations of paragraph 72 of the Complaint are denied.

73. Paragraph 73 refers to a written document, which speaks for itself. To the extent that the allegations of paragraph 73 differ from, contradict, or seek to characterize the paper writing, the allegations are denied. Responding further, BANA admits that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations of paragraph 73 of the Complaint are denied.

74. BANA admits that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations of paragraph 74 of the Complaint are denied.

75. BANA admits that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations of paragraph 75 of the Complaint are denied.

76. BANA admits that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations of paragraph 76 of the Complaint are denied.

77. BANA admits that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations of paragraph 77 of the Complaint are denied.

78. BANA admits that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations of paragraph 78 of the Complaint are denied.

79. The allegations of paragraph 79 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, BANA admits that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations of paragraph 79 of the Complaint are denied.

80. BANA admits that it made legal attempts to collect the amounts owed to BANA from Plaintiff. Except as admitted, the allegations of paragraph 80 of the Complaint are denied.

81. The allegations of paragraph 81 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations.

82. The allegations of paragraph 82 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, BANA denies the allegations.

## PRAYER FOR RELIEF

The allegations contained within the unnumbered paragraph of Plaintiff's complaint entitled "Prayer for Relief", inclusive of all its subparts, call for a legal conclusion to which no response is required. To the extent a response is required from BANA, the allegations in the "Prayer for Relief" are denied.

## AFFIRMATIVE DEFENSES

BANA states the following defenses to Plaintiff's Complaint, reserving the right to amend and/or supplement its responses to Plaintiff's allegations, as well as these avoidances and defenses, as additional information is obtained through the discovery process or otherwise.

### First Affirmative Defense

Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claim for violations of the Telephone Consumer Protection Act ("TCPA") fails as a matter of law, to the extent Plaintiff gave BANA prior express consent for the telephone calls at issue in this action. 47 U.S.C. § 227(b)(1)(A).

**Third Affirmative Defense**

BANA did not use an "automatic telephone dialing system" as defined by the TCPA to make the calls alleged in the Complaint, because BANA's equipment lacked the capacity to store, generate, or produce telephone numbers to be called using a random or sequential number generator.

**Fourth Affirmative Defense**

Plaintiff was not "charged" for the alleged telephone calls at issue and suffered no actual injury. Thus, Plaintiff lacks Article III standing. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016).

**Fifth Affirmative Defense**

Plaintiff does not qualify as a "called party" within the meaning of the TCPA.

**Sixth Affirmative Defense**

Plaintiff was a party to one or more written agreements with BANA. BANA asserts the fact of such written agreements, as well as the terms of such written agreements, act as a bar to Plaintiff's claim.

**Seventh Affirmative Defense**

BANA conducted itself in conformity with applicable laws and regulations, including those governing banking entities; and BANA was and is entitled to fairly and lawfully exercise rights under the written credit card agreement with Plaintiff.

**Eighth Affirmative Defense**

Should Plaintiff establish liability of BANA, which BANA specifically denies, Plaintiff's injuries or damages are limited or barred due to Plaintiff's comparative fault.

**Ninth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part due to lack of standing.

**Tenth Affirmative Defense**

Any and all claims by Plaintiff against BANA must be offset against Plaintiff's obligation to BANA, as evidenced by the cardholder account related to this action.

**Eleventh Affirmative Defense**

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**Twelfth Affirmative Defense**

Any alleged acts or omissions of BANA that give rise to Plaintiff's causes of action are the result of an innocent mistake.

**Thirteenth Affirmative Defense**

If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties, and not BANA.

**Fourteenth Affirmative Defense**

Plaintiff did not incur any damages or loss as a result of any act or conduct by BANA. Thus, Plaintiff lacks Article III standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

**Fifteenth Affirmative Defense**

Plaintiff has failed, in whole or in part, to mitigate his alleged damages by intentionally sending his alleged cease and desist notification to an address which he knew or should have known was an improper address for the delivery of important information concerning his credit card account. Specifically, instead of sending the notice to the address provided on the credit card statements, Plaintiff intentionally and in bad faith forwarded the correspondence to a retail banking center unconnected with his consumer credit card.

**Sixteenth Affirmative Defense**

Plaintiff's claims are barred by the bona fide error defense.

**Seventeenth Affirmative Defense**

BANA reserves the right to assert additional affirmative defenses, or to amend its present defenses, as further information becomes available to BANA.

WHEREFORE, BANA respectfully requests that this Court:

1. Dismiss all of Plaintiff's claims against BANA on the merits and with prejudice;

2. Grant BANA any other relief that the Court deems just and equitable.

DATED: July 7, 2025

**MCGUIREWOODS LLP**

By: /s/ *Joshua Quinn Jamieson*
Joshua Quinn Jamieson

*Attorneys for Defendant*
Bank of America, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2025, the foregoing **DEFENDANT BANK OF AMERICA, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** was filed electronically in the Court's Electronic Case Filing system ("ECF"); thereby upon completion the ECF system automatically generated a Notice of Electronic Filing ("NEF") as service through CM/ECF to registered e-mail addresses of parties of record in the case.

By: *_/s/ Joshua Quinn Jamieson_*
Joshua Quinn Jamieson